# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DIANNE G. NICKLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV798 |
| | ) | |
| BANK OF AMERICA CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of her federal claims under 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissal without prejudice of her state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees,

however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Id.[1]  The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint, such as a claim barred by the applicable statute of limitations.  Nasim, 64 F.3d at 955; Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

## DISCUSSION

Plaintiff's Complaint names Bank of America as the only Defendant.  (Docket Entry 2 at 1.)  It asserts that Defendant failed to hire her and thus discriminated against her because of her disability and her age, in violation of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA").  (Id. at 2.)  The Complaint also alleges state-law claims under the North Carolina Persons With Disabilities Act, for intentional infliction of emotional distress, and for defamation. (Id. at 3-4.)

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

However, the face of the Complaint reveals that Plaintiff's federal employment claims are not timely. According to the Complaint, the Equal Employment Opportunity Commission ("EEOC") sent Plaintiff a notice-of-right-to-sue letter on March 22, 2012, which she received on March 24, 2012. (Docket Entry 2 at 2.) Both the ADA and the ADEA require the filing of a civil action within ninety days of such notice. 42 U.S.C. §§ 2000e-5(f)(1), 12117(a) (ADA); 29 U.S.C. § 626(e) (ADEA).[2] Plaintiff did not file her Complaint until September 19, 2013, well over a year after her receipt of the EEOC's notice. (See Docket Entry 1.) Plaintiff's claims thus fail as a matter of law under the ADA or the ADEA. See, e.g., Knotts v. Davie Cnty. Inspection, No. 1:06CV412, 2007 WL 295339, at *1 (M.D.N.C. Jan. 29, 2007) (unpublished) (dismissing ADA claim for failure to state a claim where the plaintiff "file[d] his complaint . . . well in excess of the 90 days required by federal law and outlined in his Right to Sue letter").

Plaintiff's only remaining claims arise under state law. "[I]n any civil action of which the district courts have original jurisdiction, the district courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

---

[2] The United States Supreme Court has declined to relax the EEOC deadlines for pro se plaintiffs. See Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 150 n.4 (1984).

Constitution." 28 U.S.C. § 1367(a). However, "the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right . . . . [I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). In light of the recommended dismissal of the federal claims at the pleading stage and the absence of grounds for the exercise of diversity jurisdiction,[3] the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and, instead, should dismiss those claims without prejudice.[4]

---

[3] The Complaint identifies Plaintiff as a resident of Greensboro, North Carolina, and Defendant as both incorporated in North Carolina and having its principal place of business in Charlotte, North Carolina. (Docket Entry 2 at 1-2.) Such circumstances cannot satisfy the diversity jurisdiction statute. See 28 U.S.C. § 1332(a).

[4] To the extent statute of limitations concerns may apply to Plaintiff's refiling of the remaining claims in state court, 28 U.S.C. § 1367(d) provides: "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

CONCLUSION

Plaintiff's Complaint fails to state a claim for any federal cause of action.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that the Complaint's federal claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and its state-law claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

/s/ L. Patrick Auld
**L. Patrick Auld
United States Magistrate Judge**

September 30, 2013